# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 1:21-mj-00123 |
| Richard Berry | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   12/10/20, 1/27/20, and 2/10/21   in the county of   Marion   in the
  Southern   District of   Indiana  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) | Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine |
| Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) | Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine |
| Count 3: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) | Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine |
| Count 4: 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Matthew W. Holbrook
*Complainant's signature*

Matthew Holbrook, Special Agent, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by
  Telephone   *(reliable electronic means)*

Date:  February 10, 2021

City and state:   Indianapolis, Indiana

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Matthew W. Holbrook, Special Agent, with the United States Drug Enforcement Administration (DEA), being duly sworn, deposes and states:

### AFFIANT BACKGROUND AND PURPOSE OF AFFIDAVIT

1. Your Affiant is a Special Agent (SA) of the federal Drug Enforcement Administration (DEA) within the United States Department of Justice. Your Affiant is a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7) – that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. Your Affiant has been employed by the DEA since February 2004, is currently assigned to the DEA Indianapolis District Office, Indianapolis, Indiana, and has been so assigned since October 2008. Prior to assignment to the DEA Indianapolis District Office, your Affiant was assigned to the DEA Chicago Field Division in Chicago, Illinois.

2. In connection with my official DEA duties, I investigate criminal violations of state and federal controlled-substances laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as the laundering of drug trafficking proceeds in violation of Title 18, United States Code, Sections 1956 and 1957. I have personally conducted and/or assisted in numerous criminal investigations involving controlled substances and money laundering. I have received special training in the enforcement of laws concerning controlled substances, I have testified in judicial proceedings and prosecutions for violations of controlled substance laws, and I have been actively involved in various types of electronic surveillance, including wire and electronic communication interception of more than fifty target telephones. I have participated in the debriefing and interviews of defendants, witnesses, informants

(confidential sources), and others who have knowledge both of the distribution and transportation of controlled substances and also of the laundering and concealing of proceeds from drug trafficking. I have reviewed numerous investigative reports and interviews related to the possession, manufacture, and delivery of (including possession with intent to deliver) controlled substances. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances and their use of telephones and code language to conduct their transactions. I am familiar with and have participated in all of the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers, and undercover operations. I have had conversations with drug traffickers concerning their methods of operation in the course of investigative interviews and have participated in the execution of numerous search warrants relating to illegal drug trafficking. My experience and training enable me to recognize methods and means used for the distribution of controlled substances and for the organization and operation of drug conspiracies, including the means employed to avoid detection.

      3.    I have personally participated in the investigation as set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents of the DEA, the Indianapolis Metropolitan Drug Task Force (MDTF), and other law enforcement organizations; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another Special Agent, Task Force Officer, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to

whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

4. This affidavit is being submitted in support of a criminal complaint charging Richard Berry (XX-XX-1996) with Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), Possession with Intent to Distribution 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code Section 924(c).

## FACTS SUPPORTING PROBABLE CAUSE

5. On December 9, 2020, SA Holbrook directed CS-14-147463, hereinafter CS, to contact Richard Berry via cell phone number 317-985-8726 regarding purchasing 2 ounces of methamphetamine.[1] The CS placed and received a series of recorded calls and text messages with Richard Berry who was using 317-985-8726. As a result of the conversations, the CS was able to arrange for the purchase of 2 ounces of methamphetamine for $2,000.00 for the following

---

[1] The CS has worked with DEA and IMPD for approximately 6 years. The CS was arrested for drug related charges and agreed to work with law enforcement to receive a reduced sentence. Additionally, the CS has been paid for his/her information by IMPD and DEA. The information provided by the CS to DEA and IMPD has been found to be accurate and reliable. In particular, the CS has successfully executed multiple controlled purchases of controlled substances for DEA and IMPD. Additionally, information provided by the CS such as addresses and vehicle descriptions related to various investigations has been verified by your Affiant. The CS has no felony convictions.

day, December 10, 2020, at the Discount Mall, located at 3585 Commercial Drive, Indianapolis, Indiana.

6. On December 10, 2020, at approximately 12:30 p.m., members of DEA and MDTF established surveillance in the vicinity of the Discount Mall. Surveillance was also established in the area of Richard Berry's residence located at 3360 N. Meridian Street, Apt. G313, Indianapolis, Indiana.

7. On December 10, 2020, at approximately 12:50 p.m., the CS met with SA Holbrook and TFO Wininger at a pre-determined meet location. At approximately 1:06 p.m., the CS, as witnessed by SA Holbrook and TFO Wininger, placed a recorded call to Richard Berry at cell phone number 317-985-8726. During the recorded conversation, Richard Berry indicated to the CS that he only had approximately 24.5 grams of methamphetamine in his possession and did not know when he could obtain an additional ounce from his source of supply. At that time, the CS agreed to purchase what Richard Berry had in his possession the 24.5 grams of methamphetamine. The two then agreed to meet at the Discount Mall.

8. At approximately 1:40 p.m., the CS and the CS's vehicle were searched by SA Holbrook and TFO Wininger. No contraband or USC was found. The CS was provided with audio and video recording equipment and $1,000.00 in Official Advanced Funds (OAF) in order to purchase the methamphetamine from Richard Berry. At approximately 1:43 p.m., the CS departed the pre-determined meet location. SA Holbrook and TFO Wininger followed the CS to the meet location. At approximately 1:45 p.m., SA Holbrook and TFO Wininger observed the CS arrive in the parking lot of the Discount Mall. At approximately 1:48 p.m., the CS received a recorded call from Richard Berry from cell phone number 317-985-8726. During the

conversation the CS advised he/she was at the meet location and Richard Berry advised he was also at the meet location.

9. At approximately 1:49 p.m., based on in-car video recordings and surveillance, Richard Berry exited a black Kia SUV and entered the CS's vehicle. According to the CS and in-car video, after entering the CS's vehicle, Richard Berry sold him/her approximately 24.5 grams of suspected methamphetamine. The CS then paid Richard Berry $875.00 OAF for the suspected methamphetamine.

10. At approximately 1:54 p.m., Richard Berry exited the CS's vehicle and entered the black Kia SUV. Investigators observed the license plate on the black Kia Soul SUV as Massachusetts license plate 1MDT77.[2] At approximately 1:55 p.m., SA Holbrook observed the CS and the black Kia Soul depart the parking lot. SA Holbrook and TFO Wininger followed the CS back to the pre-determined meet location. Surveillance continued to follow Richard Berry in the black Kia Soul.

11. At the pre-determined meet location, the CS met with SA Holbrook and TFO Wininger. SA Holbrook and TFO Wininger searched the CS and his/her vehicle for contraband and USC with negative results. SA Holbrook took custody of all audio and video recording equipment and the methamphetamine.[3]

12. At approximately 2:04 p.m., surveillance observed Richard Berry exit the black Kia Soul and enter the apartment building located at 3360 N. Meridian Street, Indianapolis, Indiana. Richard Berry entered the rear door for building G.[4]

---

[2] The vehicle is registered to a black 2021 Kia Soul to EAN Holdings 14002 East 21st Street, Suite 1500, Tulsa, Oklahoma (rental car). A check with Enterprise Rental indicated Richard Berry rented the black Kia Soul on December 1, 2020 in Speedway, Indiana. Berry provided the address: 11651 Presidio Drive, Indianapolis, Indiana, and cell phone numbers (317) 985-8726 and (317) 626-8700.
[3] The suspected methamphetamine later field tested by SA Holbrook gave a positive indication for methamphetamine.
[4] Building G has a secured door that is only accessible by use of a key fob. IMPD Case Report IP180160431-0000

13. On January 25, 2021, the CS engaged in a series of text messages with Richard Berry who was using cell phone number 317-985-8726. At approximately 11:47 a.m., the CS text Richard Berry and asked, "What you got for me"? Richard Berry then responded at 11:48 a.m., "I got 3 zips for u rn". The CS then said, "Ok im just waiting don't want to sit on it tomorrow or wensday". Richard Berry then said at 11:50 a.m., "I feel u jus let me kno".

14. On January 27, 2021, at approximately 10:00 a.m., MDTF Detectives Andy Deddish and Ryan Graber established surveillance on Richard Berry's residence located at 3360 N. Meridian Street, Apt. G313, Indianapolis, Indiana. Detectives Deddish and Graber observed Berry's Dodge Charger parked on 34th Street near the residence.

15. On January 27, 2021, at approximately 10:30 a.m., SA Holbrook directed the CS to contact Richard Berry via cell phone number 317-985-8726 and order 4 ounces of methamphetamine. The CS placed and received a series of recorded calls and text messages with Richard Berry who was using 317-985-8726 to arrange for the purchase. As a result of the conversations, the CS was able to arrange for the purchase of 3 ounces of methamphetamine for $3,000.00 from Richard Berry.

16. On January 27, 2021, at approximately 10:45 a.m., Det. Deddish observed Richard Berry exit the common entry of Building G of 3360 N. Meridian Street, Indianapolis, Indiana, and enter his Dodge Charger. Mobile surveillance was initiated on the Dodge Charger as it departed the area.

---

dated 12-16-2018 was made by Richard J. Berry regarding damage done to his vehicle. In the report, Berry provided his contact number as (317) 985-8726 and his contact address as 3360 N. Meridian Street, G313, Indianapolis, Indiana.

17. At approximately 11:08 a.m., Det. Graber observed the Dodge Charger arrive at 11651 Presidio Drive, Indianapolis, Indiana.[5] Det. Graber observed the Dodge Charger was backed into the driveway.

18. At approximately 11:27 a.m., Det. Graber observed Richard Berry exit his Dodge Charger and enter the 11651 Presidio Drive residence through the garage door. At approximately 12:27 p.m., Det. Graber observed Richard Berry exit the 11651 Presidio Drive residence through the garage door and enter his Dodge Charger. Shortly thereafter, the Dodge Charger departed the area and mobile surveillance continued on the vehicle.

19. At approximately 12:49 p.m., the CS met with SA Holbrook and TFO Wininger at a pre-determined meet location. At approximately 12:54 p.m., the CS and the CS's vehicle were searched by SA Holbrook and TFO Wininger. No contraband or USC was found in the vehicle or on the CS's person. The CS was provided with audio and video recording equipment and $3,000.00 in Official Advanced Funds (OAF) in order to purchase the methamphetamine from Richard Berry.

20. At approximately 12:54 p.m., investigators observed Richard Berry in the Dodge Charger arrive at the Discount Mall located at 3585 Commercial Drive, Indianapolis, Indiana (meet location). At approximately 12:55 p.m., the CS departed the pre-determined meet location. SA Holbrook and TFO Wininger followed the CS to the Discount Mall. At approximately 12:57 p.m., SA Holbrook observed the CS arrive at the Discount Mall and park near the Family Dollar.

21. At approximately 1:00 p.m., based on surveillance and in-car video recordings, Richard Berry approached and entered the CS's vehicle. According to the CS and in-car video,

---

[5] A records check indicated Richard Berry provided the address 11651 Presidio Drive, Indianapolis, Indiana, on his Indiana Driver's License.

after entering the CS's vehicle, Richard Berry sold him/her approximately 87.8 grams of methamphetamine. The CS then paid Richard Berry $3,000.00 OAF for the methamphetamine.

22. At approximately 1:05 p.m., SA Holbrook observed Richard Berry exit the CS's vehicle and enter his Dodge Charger. Both vehicles departed the area. Mobile surveillance continued on the Dodge Charger. SA Holbrook and TFO Wininger followed the CS back to the pre-determined meet location. At the pre-determined meet location, the CS met with SA Holbrook and TFO Wininger. SA Holbrook and TFO Wininger searched the CS and his/her vehicle for contraband and USC with negative results. SA Holbrook took custody of all audio and video recording equipment and the methamphetamine he/she purchased from Richard Berry.[6] At approximately 1:13 p.m., MDTF Scott Wolfe observed Richard Berry exit his Dodge Charger and enter building G located at 3360 N. Meridian Street, Indianapolis, Indiana.

23. On February 8, 2021, your Affiant applied for and was granted a federal search warrant, cause number 1:21-mj-0110, for 3360 N. Meridian Street, Apt. G313 Indianapolis, Indiana.

24. On February 9, 2021, SA Holbrook directed the CS to contact Richard Berry and order 4 ounces of methamphetamine. At approximately 9:29 p.m., the CS and Richard Berry engaged in a recorded conversation at which time the CS ordered 4 ounces of methamphetamine from Richard Berry for the following day, and the meet was to occur at approximately 11:00 a.m.

25. On February 10, 2021, at approximately 9:24 a.m., Richard Berry confirmed with the CS via text message that he would be meeting the CS to conduct the transaction between 10:30 a.m. and 11:00 a.m. at the same buy location as their previous methamphetamine

---

[6] The suspected methamphetamine later field tested by SA Holbrook gave a positive indication for methamphetamine.

transactions. Richard Berry also confirmed via text message the price of the methamphetamine would be the same price as the previous methamphetamine transactions. At approximately 10:29 a.m., the CS placed a recorded call to Richard Berry at cell phone number 317-801-4235. During the conversation Richard Berry told the CS that he would be able to meet with the CS in approximately "10 minutes". At approximately 10:33 a.m., investigators observed Richard Berry exit his apartment building at 3360 North Meridian Street and enter his Dodge Charger. Investigators then followed the Dodge Charger to the Saraga International Grocery Store parking lot located at 3605 Commercial Drive, Indianapolis, Indiana. Based on surveillance, the recorded calls and text messages between the CS and Richard Berry, investigators believed Richard Berry traveled to the Saraga International Grocery Store parking lot to conduct a four-ounce methamphetamine transaction with the CS. The Saraga International Grocery Store parking lot is the same parking lot the CS and Richard Berry have conducted previous methamphetamine transactions. The Discount Mall and Saraga International Grocery Store share the same parking lot. At approximately 10:42 a.m., investigators approached Richard Berry while he was sitting in his Dodge Charger. At that time, IMPD Interdiction Officers ordered Richard Berry out of the vehicle, and, upon exiting the vehicle, SA Holbrook observed a handgun in a holster in Richard Berry's waistband. SA Holbrook recovered the handgun and found it to be a loaded 9mm Canik Model TP9SF handgun. SA Holbrook also observed a plastic baggie containing approximately 116.3 grams of suspected methamphetamine in plain sight in between the driver's seat and the console area.[7] After recovering the methamphetamine, a search of the vehicle yielded two cell phones and a black digital scale.

---

[7] The suspected methamphetamine later field tested by TFO Shawn Wininger gave a positive indication for methamphetamine.

26. On February 10, 2021, DEA executed federal search warrant 1:21-mj-0110 on 3360 N. Meridian Street, Apt. G313, Indianapolis, Indiana. During the search, law enforcement located two digital scales, a disassembled .22 caliber handgun, .22 caliber ammunition, and 9 mm ammunition.

## CONCLUSION

27. Based upon the above paragraphs, I believe from my training and experience that probable cause exists to charge Richard Berry with Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), Possession with Intent to Distribution 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Possession of a Firearm in Furtherance

of a Drug Trafficking Crime, in violation of Title 18, United States Code Section 924(c).

/s/ Matthew W. Holbrook
Matthew W. Holbrook, Special Agent
Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Federal Rules of Criminal Procedure 4.1 and 41(d)(3) by reliable electronic means

Date: February 10, 2021



11